COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


BONNIE BE-LO MARKETS AND
 MERCHANTS OF VIRGINIA GROUP
 SELF-INSURANCE ASSOCIATION
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1273-00-1               JUDGE G. STEVEN AGEE
                                             MARCH 13, 2001
BENNY EDWARD HOUSE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              William C. Walker (Donna White Kearney;
              Taylor & Walker, P.C., on brief), for
              appellants.

              Chanda L. Wilson (Rutter, Walsh, Mills &
              Rutter, L.L.P., on brief), for appellee.


     Bonnie Be-Lo Markets and its insurer (hereinafter referred

to as "employer") contend on appeal that the Workers'

Compensation Commission erred in its May 4, 2000 opinion which

held that Benny Edward House (claimant) proved that (1) he

sustained a compensable injury by accident on December 5, 1997;

and (2) that he has been totally disabled since December 5,

1997, as a result of the December 5, 1997 injury by accident.

We affirm the decision of the Workers' Compensation Commission.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

The claimant had worked for the employer as a meat cutter since 1995. Before December 5, 1997, claimant suffered from back problems for which he had undergone seven back surgeries, the last of which occurred in July 1997. Following the July 1997 back surgery, claimant remained out of work until November 3, 1997. Claimant's treating physician, Dr. Mark B. Kerner, executed a document dated October 29, 1997, which said only the following:

> Benny House is able to return to his full
> time work duties as a meat cutter without
> restriction on 11/3/97.

Claimant testified that before he returned to work on November 3, 1997, Dr. Kerner did not tell him that he should avoid performing work which required heavy lifting. Claimant testified that Dr. Kerner told him to wear a back brace and to be careful as to how he lifted objects. Claimant stated that he wore a back brace after he returned to work in November 1997 when his job necessitated heavy lifting.

After claimant returned to work as a meat cutter on November 3, 1997, he was able to perform his regular duties, including heavy lifting, up until December 5, 1997. Claimant testified that on December 5, 1997, he tried to move a case of meat weighing approximately one hundred pounds from the floor to a dolly. As he did so, he experienced pain in his back that radiated into his right hip and right leg. Claimant was wearing

-

a back brace at the time of the accident.  After the December 5,
1997 incident, claimant again sought medical treatment from Dr.
Kerner.  Claimant has not returned to work since December 5,
1997.

Dr. Kerner wrote several letters to counsel or insurance
carriers after his initial treatment of the claimant for the
December 5, 1997 injury.  Reflective of that correspondence is a
letter of January 14, 1998 to Trigon in which Dr. Kerner wrote:

> I did not give the patient permission to go
> back to his usual and customary duties.
> Quite the opposite.  I told him it would be
> foolish and wrong for him to return to that
> work.

All of Dr. Kerner's recorded statements of this type are
after the December 5, 1997 accident.

On December 9, 1997, Dr. Kerner diagnosed "a work related
flare of injury . . ." and opined that "the patient appears
unable to return to his usual and customary work . . . ."

### ANALYSIS

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Factual findings made by the commission will be upheld on appeal
if supported by credible evidence.  See James v. Capitol Steel
Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

-

## I. Injury by Accident

Employer argues that claimant failed to prove he sustained an "accident" on December 5, 1997, as defined by the Workers' Compensation Act, on the ground that claimant's December 5, 1997 back injury was the foreseeable result of his returning to work as a meat cutter, which required heavy bending, lifting and twisting, contrary to Dr. Kerner's instructions to avoid such work. The commission rejected this argument and found as follows:

> The claimant testified that he did not have any restrictions resulting from his pre-existing back condition. His testimony is supported by [Dr. Kerner's] October 29, 1997, release "to return to his regular full-time duties as Meat Cutter without restriction on 11/3/97." This release is clear and not subject to interpretation.

Claimant's testimony, coupled with Dr. Kerner's unequivocal written release allowing claimant to return to full-time work as a meat cutter without restriction as of November 3, 1997 constitutes credible evidence to support the commission's finding that claimant sustained a compensable injury by accident. The commission, as fact finder, was entitled to accept claimant's testimony that before December 5, 1997, Dr. Kerner never told him to avoid work that required heavy lifting, and to reject Dr. Kerner's post-December 5, 1997 office notes and letters to the contrary. "In determining whether credible evidence exists, the appellate court does not retry the facts,

-

reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  <u>Id.</u>

## II.  <u>Disability</u>

In ruling that claimant proved that he was totally disabled beginning December 5, 1997 and that such disability was causally related, at least in part, to his December 5, 1997 injury by accident, the commission found as follows:

> The record does not reflect that Dr. Kerner released the claimant to light-duty work. The employer notes that in his January 14, 1998, letter to the insurer, Dr. Kerner wrote that the claimant was able to perform light-duty employment.  In that letter, Dr. Kerner stated that:  "He has to basically do light sedentary activities with his back. He can do no heavy bending, lifting, or twisting . . . ."  However, Dr. Kerner also stated that at times, the claimant "is entirely incapacitated."  It is unclear whether Dr. Kerner believes the claimant is capable of returning to light-duty work.  In any event, he has not communicated any release to the claimant.  An employee is not required to market his residual work capacity until after he has been advised of his release to light-duty employment.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." <u>Hungerford Mechanical Corp. v. Hobson</u>, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Furthermore, "[t]he actual

-

determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

As fact finder, the commission was entitled to weigh the medical evidence. Based upon Dr. Kerner's December 9, 1997 office notes and his August 13, 1999 letter to claimant's counsel in which he indicated that "[t]he incremental increase in [claimant's] disability from such an injury would not be considered to be more than 5 or 10 percent of his total disability . . . [,]" the commission was entitled to infer that claimant's post-December 5, 1997 disability was causally related, at least in part, to his December 5, 1997 injury by accident.

Moreover, as fact finder, the commission could infer that the language contained in Dr. Kerner's January 14, 1998 letter did not constitute a release to light-duty work. While Dr. Kerner commented that claimant engaged in light-sedentary activities, he also noted that claimant could not perform heavy lifting, bending or twisting and was totally incapacitated at times. The commission could conclude Dr. Kerner did not specifically release claimant to light or sedentary work. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be

-

disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.